RULES 18 AND 19, ALABAMA RULES OF JUDICIAL ADMINISTRATION-AUTHORITY OF MAGISTRATES
Several questions concerning the authority of municipal court and district court magistrates to accept guilty pleas in minor *835 misdemeanor cases have been submitted to me by Mr. Allen L. Tapley, Administrative Director of Courts. The relevant rules and statutes are Rules 18 and 19 of the Alabama Rules of Judicial Administration (ARJA) and Code 1975, §§ 12-12-52, 12-14-51 and 12-17-251.
My opinion is that district court magistrates may only accept pleas of guilty involving the sixteen traffic infractions listed in Rule 18 11(A)(4). Municipal court magistrates may accept pleas for the same sixteen offenses, and for any other traffic offenses scheduled by municipal ordinance pursuant to Rule 19(B)(2)(b).[1]
Magistrates may only accept pleas for traffic offenses scheduled by applicable municipal ordinance or rule of the Supreme Court. Accepting pleas for other traffic offenses, or for non-traffic offenses, is beyond the authority granted to municipal court or district court magistrates by rule or law.
The authority of magistrates is strictly limited by statute and the ARJA (Code 1975, §§ 12-12-52, 12-17-261(c) and Rule 18 11(A)(3) for district court magistrates, and Code 1975, § 12-14-51(c) and Rules 18 11(B)(2) and 19(B)(2)(b) for municipal court magistrates). Municipal court magistrates may receive “... pleas of guilty in minor misdemeanors where a schedule of fines has been suggested by rule.” Rule 18 11(B)(2)(c).[2] The word “rule” or “rules” in Rules 18 11(A)(3)(c) and Code 1975, §§ 12-14-51 and 12-17-251 means rules of the Supreme Court. If the schedule of fines could be extended by local rules, the specific grant of authority to municipalities in Rules 18 11(B)(3) and 19(B)(2)(b) to extend the schedule of traffic offenses by ordinance would be unnecessary.
The only schedule of fines the Supreme Court has suggested for municipal court magistrates is found at Rule 18 11(B)(3). The same list appears at Rule 19(B)(2)(a) and is applicable to district and municipal courts. A municipal court magistrate’s authority, however, may be extended. A municipality may adopt ordinances relating to magistrates which extend the schedule of traffic infractions, excepting the six prohibited categories of serious offenses listed at Rule 19(B)(2)(b)(i)(l)-(6). This authority is limited to traffic offenses; a municipality has no authority to allow its magistrates to take pleas in non-traffic cases.
The powers of district court magistrates are more limited than those of municipal court magistrates. At present, the Supreme Court has only suggested one schedule of traffic fines. The sixteen infractions are listed at Rule 18 11(A)(4) and 19(B)(2)(a). Until the Supreme Court extends the list, district court magistrates are restricted to accepting pleas for these sixteen infractions.

. Rule 19(B)(2)(a), ARJA, states in part that, “the following fines are suggested for traffic infractions in district and municipal courts.” The word “suggested” has application only to courts (trial judges) in their routine disposition of such cases and is used so as not to preempt them from exercising their discretion in sentencing defendants in these cases. With respect to magistrates, the word “suggested” operates only as a limitation upon their authority to receive a guilty plea. In other words, they have no such authority, unless a fine has been suggested by rule or by municipal ordinance for the offense in question.

. This rule has been amended to substitute “suggested by rule” for “prescribed by law or rule.” Similarly, Rule 18 11(A)(3)(c), pertaining to district court magistrates, was amended to read “suggested”. However, Code 1975, §§ 12-15-51 and 12-17-251 still read “prescribed by rule”.